# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRITTANY WILLIAMS,

    Plaintiff,

v.                                      Case No. 8:21-cv-1224-TPB-SPF

INTOWN SUITES EXTENDED
STAY CLEARWATER, FL,

    Defendant.
_____/

## ORDER GRANTING IN PART "DEFENDANT'S MOTION TO DISMISS"

This matter is before the Court on "Defendant's Motion to Dismiss," filed by counsel on May 26, 2021. (Doc. 4). Plaintiff did not file a response in opposition, and the time to respond has expired. After reviewing the motion, court file, and the record, the Court finds as follows:

### Background

In October 2019, Plaintiff Brittany Williams was staying at one of Defendant InTown Suites Roosevelt Blvd, LLC's properties.[1] According to Plaintiff, after a month, the office manager asked her to leave, claiming that she had an unauthorized overnight guest and that she was too loud. Plaintiff denied both claims. She was eight months pregnant at that time. After she was asked to leave her apartment, she went and stayed at her brother's apartment, located at the same

---

[1] Defendant InTown Suites Roosevelt Blvd, LLC asserts that it was incorrectly named as "InTown Suites Extended Stay Clearwater, FL" in the complaint.

property. When she was observed by the office manager, however, both Plaintiff and her brother were "put out." Plaintiff asserts that she had just had her baby when this encounter occurred. Plaintiff seeks $1 billion dollars in damages from Defendant for putting her "life in danger while pregnant," "interrupt[ing] [her] life racially," and causing emotional distress to her and her family (including her five children, three brothers, and mother).

Plaintiff filed her initial *pro se* complaint in the Sixth Judicial Circuit in and for Pinellas County, Florida, on November 24, 2020. On April 13, 2021, Plaintiff filed an amended complaint. In her amended complaint, Plaintiff appears to allege that Defendant discriminated against her in violation of Title II of the Civil Rights Act of 1964,[2] based on her gender, pregnancy, and race. On May 19, 2021, Defendant removed the case to this Court. Subsequently, Defendant filed the instant motion, seeking dismissal of Plaintiff's claims with prejudice.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual

---

[2] "Title II of the Civil Rights Act of 1964 prohibits discrimination on the grounds of race, color, religion, or national origin in places of public accommodation." *Strober v. Payless Rental Car*, 701 F. App'x 911, 913 n.2 (11th Cir. 2017) (citing 42 U.S.C. § 2000a(a)).

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Title II Claims*

In her amended complaint, Plaintiff appears to bring claims for race, pregnancy, and gender discrimination that occurred in 2019, citing to Title II of the Civil Rights Act of 1964. As an initial matter, the Court finds that Title II does not

prohibit discrimination on the basis of pregnancy or gender and is therefore inapplicable to Plaintiff's pregnancy and gender discrimination claims. *See, e.g.*, *Smith v. Subway Inc.*, No. 2:19-cv-592-RAH-SMD, 2020 WL 5870421, at *2 (M.D. Ala. Aug. 28, 2020), *report and recommendation adopted*, 2020 WL 5848672 (M.D. Ala. Oct. 1, 2020) (citing *Mosseri v. American Red Cross*, No. 06-60192-CIV-MIDDLEBROOKS/JOHNSON, 2006 WL 8432559, at *3 (S.D. Fla. June 21, 2006)).

Plaintiff may presumably bring a race discrimination claim under Title II. In this case, Plaintiff is seeking extensive damages – over $1 billion dollars. However, "Title II only provides for injunctive relief, not compensatory damages." *Id.* (citing *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968)). As such, Plaintiff's race discrimination claim is not viable as a matter of law. *See, e.g.*, *id.*; *Leonard v. Bedrock Mgmt. Servs., LLC*, No. 1:21CV01215, 2021 WL 4198157, at *2 (N.D. Ohio Sept. 15, 2021).

A district court must generally permit a plaintiff at least one opportunity to cure a complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). At this time, the Court cannot say whether Plaintiff may be able to plead any viable legal claims based on the conduct alleged. As such, the Court will grant leave for Plaintiff to file a second amended complaint, if she may do so in good faith.

*Pro Se Status*

Litigation – particularly in federal court – is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider

the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss" (Doc. 4) is hereby **GRANTED IN PART.** The motion is granted to the extent that Plaintiff's amended complaint (Doc. 1-2) is dismissed. However, the Court will grant leave to file an amended complaint.

2. Plaintiff is directed to file an amended complaint on or before November 19, 2021. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020). In any amended complaint, Plaintiff should take care to name the proper defendant.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 20th day of October, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**